IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JARED M. TROTTER, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. CIV-24-00007-JD |
| GEO GROUP INC., | ) |
|       Defendant. | ) |

**ORDER**

Before the Court is a Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green. [Doc. No. 9]. Judge Green recommends that the Court dismiss Plaintiff Jared Trotter's complaint [Doc. No. 1] against Defendant GEO Group, Inc. ("GEO Group") for failure to plead municipal liability or a constitutional violation. Trotter objected. [Doc. No. 10]. Upon de novo review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court accepts the Report and Recommendation and dismisses the complaint without prejudice.

**I.    BACKGROUND**

Trotter, a state inmate currently incarcerated at the Lawton Correctional and Rehabilitation Facility, alleges in his complaint that he "has been found guilty of a class X [] misconduct wherein his cellmate admitted to placing the contraband in Plaintiff's property without Plaintiff's knowledge." [Doc. No. 1 at 7]. Trotter claims that GEO Group violated the Equal Protection Clause of the Fourteenth Amendment because in his administrative proceedings, "Defendants did not accept the statement and found Plaintiff

guilty, but permitted Brandon Michum . . . and Dillon Oquin . . . to use the same defense." *Id.* Trotter alleges that he was "[t]reated different to similarly situated inmates with the same class of misconduct, same prison, housing unit, and circumstances consistent with the fact [that] they have been permitted to submit exculpatory statement[s] from their cellmates in order to ensure the righteous discipline of inmates." [Doc. No. 1-1 at 3]. "[I]n contrast," Trotter argues, he "receiv[ed] reckless disregard to his exculpatory statement from his cellmate resulting in disproportionate or incorrect discipline to the wrong inmate/party." *Id.* at 4. For relief, Trotter requests "(1) [f]or the Court to overturn the finding of guilt on the misconduct on [the] basis of violating the equal protection clause of the constitution," "(2) Compensatory damages of $200 and (3) Punitive damages of $1000." [Doc. No. 1 at 7].

Judge Green screened this action pursuant to 28 U.S.C. § 1915A(a) and issued a Report and Recommendation recommending that the Court dismiss Trotter's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2). [Doc. No. 9]. The Report and Recommendation first notes that *Heck v. Humphrey*, 512 U.S. 477 (1994), likely would not bar Trotter's claim because he does not challenge the duration of his confinement. *Id.* at 4–5. Nevertheless, Judge Green recommends that the Court dismiss his complaint for failure to plead municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). *Id.* at 5–8. Specifically, the Report and Recommendation notes that Trotter "alleges no facts indicating that a written policy or failure to train or supervise caused a violation of his constitutional rights," nor does he "identify a GEO Group final policymaker that made or ratified" decisions violating his

2

rights or "allege multiple incidences of conduct that would establish an informal custom amounting to a widespread practice." *Id.* at 7. Even if Trotter had plausibly alleged the existence of a policy or custom to support municipal liability, Judge Green recommends dismissal because he failed to identify similarly situated individuals whom GEO Group treated differently to support an equal protection claim. *See id.* at 8. Although Trotter identified two other prisoners who allegedly raised the same defense as him, the "[u]se of the same method of defense in different proceedings involving different allegations of misconduct and different witnesses/participants does not demonstrate requisite similarity." *Id.* at 9. Thus, Judge Green recommends dismissal, and her Report and Recommendation notified Trotter of his right to object and the consequences of a failure to object. *Id.* at 9–10.

In his objection, Trotter argues that he satisfied *Monell* because his administrative appeal was denied pursuant to an official policy and ratified by GEO Group policymakers. [Doc. No. 10 at 2–3]. Regarding his equal protection claim, Trotter argues that he sufficiently alleged the requisite level of similarity because Class X and Class A misconducts are similar "[i]n all relevant respects": they have the "same governing policy, same appeals process," and lead to "exposure to identical punishment/sanctions." *Id.* at 3.

## II. LEGAL STANDARDS

When a magistrate judge has entered a recommended disposition of a matter, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept,

3

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will . . . . preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

Although Trotter is proceeding pro se and his filings are entitled to liberal construction, he is still subject to the same rules and requirements as a represented party, including the Federal Rules of Civil Procedure and the Court's Local Civil Rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *cf. In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (explaining that a pro se litigant's ignorance of the rules does not excuse him from following the rules).

The Court addresses Judge Green's Report and Recommendation pursuant to these standards.

### III. ANALYSIS

Under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), which extends to private entities operating correctional facilities under color of state law, "a plaintiff may sue local governing bodies directly for constitutional violations pursuant to the body's policies." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1144 (10th Cir. 2023); *see Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943,

946 (10th Cir. 2005) (unpublished) (applying *Monell* to a private jail operator). "To state a claim against a municipal entity, a plaintiff must allege facts showing (1) an official policy or custom, (2) causation, and (3) deliberate indifference." *Lucas*, 58 F.4th at 1145. A plaintiff can show an official policy or custom exists in one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Id.* (citation omitted).

Trotter points to the state of Oklahoma's Inmate/Offender Disciplinary Procedures, which presumably dictated the procedures for his administrative appeal, as constituting a "formal regulation or policy statement" under *Monell*. [Doc. No. 10 at 2]. The Supreme Court has instructed that formal regulations and policy statements are "often but not always committed to writing" and "establish fixed plans of action to be followed under similar circumstances consistently and over time." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986). Oklahoma's Inmate/Offender Disciplinary Procedures provide fixed procedures for disciplinary hearings and appeals. However, Trotter does not argue that the procedures themselves violated his rights. Instead, he argues that in his particular case, officials violated his rights by disregarding exculpatory evidence and finding him

guilty of misconduct. These allegations are insufficient to establish a formal policy or custom under *Monell*.

"[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 483. Although Trotter argues that official policymakers ratified the decisions in his administrative hearing and appeal [Doc. No. 10 at 2–3], he does not argue that these policymakers' handling of his case was part of a broader deliberate choice of action. Even assuming that GEO Group violated Trotter's rights by rejecting his defense, Trotter has not alleged that this action was an aspect of an official policy or custom. "In fact," as Judge Green correctly noted, Trotter's allegation that GEO Group "singled him out . . . . undermines the theory that an informal custom" violated his constitutional rights. [Doc. No. 9 at 7]. Thus, Trotter has not pointed to any official policy or custom that caused a violation of his constitutional rights.

In sum, the Court agrees with Judge Green's conclusion that Trotter has not sufficiently alleged an official policy or custom under *Monell*. Although Trotter also objected to Judge Green's analysis of his equal protection claim, his objection did not lead the Court to find error in its de novo review of Judge Green's recommendation and the record. The Court therefore accepts Judge Green's recommended dismissal.

In his objection, Trotter "respectfully requests leave to amend the operative pleading." [Doc. No. 10 at 4]. Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave" to amend pleadings "when justice so requires."

6

Where the party has "expressed a willingness to amend," and "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990)).

The Court dismisses Trotter's complaint without prejudice; should he wish to amend his complaint, he must follow the Federal and Local Civil Rules of Procedure to do so. *Cf.* LCvR7.1(c) ("A response to a motion may not also include a motion or a cross-motion made by the responding party."); *see also* LCvR15.1 (explaining that a party moving to amend a pleading under Federal Rule of Civil Procedure 15 "must attach the proposed pleading as an exhibit to the motion"). Requests for court action must be made by motion. Fed. R. Civ. P. 7(b).

The Court will wait to enter its judgment until October 29, 2024, to allow Trotter an opportunity to follow the Federal Rules of Civil Procedure and the Local Civil Rules for any proposed motion for leave to file an amended complaint and proposed amended complaint that overcomes the deficiencies identified in this Order accepting the Report and Recommendation. The Court will enter its judgment on October 29, 2024, unless Trotter files a proper motion seeking leave to amend his complaint or seeking more time, and the Court receives the motion before that deadline. If a motion is filed that does not comply with the rules, the Court will enter its judgment. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing the district court's power to manage its docket); *see also* Fed. R. Civ. P. 1 (explaining that the court should construe, administer,

and employ the rules to secure the just, speedy, and inexpensive determination of the action).

## IV. CONCLUSION

Upon its de novo review, the Court accepts the Report and Recommendation [Doc. No. 9] and dismisses Trotter's complaint [Doc. No. 1] without prejudice to refiling. The Court will enter its judgment of dismissal without prejudice to refiling on October 29, 2024, unless Trotter has filed a proper motion in advance of that deadline.

IT IS SO ORDERED this 15th day of October 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE