IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JARED M. TROTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00007-JD |
| ) | |
| GEO GROUP INC., and ) | |
| DC COLE, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Judge Amanda Maxfield's Report and Recommendation [Doc. No. 21], to which Plaintiff Jared M. Trotter ("Plaintiff") timely objected [Doc. No. 22]. For the reasons below, the Court accepts the Report and Recommendation ("R. & R.").

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this § 1983 civil action against various defendants associated with the Lawton Correctional Facility, where he is currently incarcerated. [Doc. Nos. 1, 20]. The Court referred this action to Judge Maxfield for proceedings pursuant to 28 U.S.C. § 636. [Doc. Nos. 4, 17]. Judge Maxfield reviewed the sufficiency of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and recommends that the Court dismiss Plaintiff's Amended Complaint without prejudice. [Doc. No. 21 at 9].[1]

The R. & R. advised Plaintiff of his right to object by February 12, 2025, and warned that failure to file a timely objection would waive the right to appellate review of

---

[1] In this Order, the Court uses page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

the factual and legal issues in the R. & R. [*Id.*]. Plaintiff timely filed objections to the R. & R. [Doc. No. 22].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court will construe Plaintiff's objections liberally because he is proceeding *pro se*, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court addresses each of Plaintiff's objections below.

Plaintiff objects to Judge Maxfield's conclusion that Plaintiff has failed to state an Equal Protection claim because Plaintiff has not adequately alleged that prisoners who received more favorable treatment were similarly situated to him. [*See* Doc. No. 21 at 8–9, Doc. No. 22 at 1–4]. The R. & R. states as follows:

> Here, Plaintiff has not plausibly alleged that the underlying facts of the disciplinary proceedings were similar in all relevant respects. Even if all accused inmates were due the same administrative process, use of the same method of defense in different proceedings involving different allegations of misconduct and different witnesses/participants does not demonstrate requisite similarity.

[Doc. No. 21 at 9]. Plaintiff objects to this conclusion on two grounds.

First, Plaintiff argues that Judge Maxfield's statement that the other inmates "each offered exculpatory statements by their own cellmates—not Plaintiff's cellmate" is not an adequate ground for concluding Plaintiff has failed to plead the other inmates were similarly situated. [*Id.* at 8; Doc. No. 22 at 2–3]. The Court construes this as a basis for the R. & R.'s conclusion that "use of the same method of defense in different proceedings involving different allegations of misconduct and different witnesses/participants does not demonstrate requisite similarity," with which the Court agrees. [Doc. No. 21 at 9]. Plaintiff has not adequately alleged the proceedings against him were similar in all relevant aspects to the proceedings against the other inmates in order to entitle him to an identical defense and eventual exoneration. Thus, the Court does not find Plaintiff's objection well-founded.[2]

Second, Plaintiff objects to the R. & R. finding that Plaintiff and the other inmates were not similarly situated because they were accused of different types of misconduct. [Doc. No. 22 at 1–2]. Plaintiff asserts that, even though the types of misconduct differed,

---

[2] *Cf. Harrison v. Morton*, 490 F. App'x 988, 995 (10th Cir. 2012) (unpublished) (recognizing the allegations "inadequate to state an equal protection claim" where the plaintiff "simply points out that the[] inmates are treated differently" and "his arguments do not challenge the reasons underlying this disparate treatment, except to say they are not valid"); *Deberry v. Davis*, 460 F. App'x 796, 801 (10th Cir. 2012) (unpublished) (determining that the plaintiff "did not carry his burden, even at the more generous motion-to-dismiss stage, of sufficiently alleging an equal-protection violation" where the plaintiff alleged he was treated differently than "similarly situated prisoners" and that in other cases, "other prisoners were immediately restored to their prior status", and noting that a prisoner's "'claim that there are no relevant differences between him and other inmates that reasonably might account for their different treatment is not plausible or arguable'" (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006)).

Plaintiff and the other inmates were accused of the same class of offense. [*Id.*]. The basis of Plaintiff's Equal Protection claim seems to be that Defendants denied Plaintiff the right to present exculpatory evidence (his cellmate's confession) and found Plaintiff guilty of misconduct, whereas Defendants allowed other inmates accused of the same *class* of offense to present exculpatory evidence and exonerated the other inmates. [*See* Doc. No. 20 at 2–5]. The Court agrees with the R. & R. that Plaintiff has not adequately alleged that he was similarly situated to the other inmates in every relevant aspect in order to establish he was entitled to present the same exculpatory evidence and receive exoneration. [Doc. No. 21 at 8–9]. Plaintiff has not demonstrated how being accused of the same class of offense entitles him to the exact same defense and finding as the other inmates.

Under a de novo review of the portions of the R. & R. to which Plaintiff objected, the Court concludes Judge Maxfield correctly concluded that Plaintiff has failed to adequately allege he was similarly situated in all relevant aspects to the inmates who received more favorable treatment and thus failed to state an Equal Protection Claim. [*See id.* at 9].

For the reasons outlined above, the Court overrules Plaintiff's objections, accepts the R. & R., and dismisses Plaintiff's Amended Complaint without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 15th day of September 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

4